IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL NO. 7:21-cr-02240 |
| § | |
| § | |
| JOSHUA YAP SALISE § | |

**DEFENDANT JOSHUA YAP SALISE'S MOTION TO SUPPRESS EVIDENCE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Joshua Yap Salise, by and through his attorneys of record, and respectfully move the Court pursuant to Rules 12(b)(3)(C) and 41(h) of the Federal Rules of Criminal Procedure to suppress any and all evidence illegally obtained from Defendant by law enforcement officers and for cause would show unto the Court the following:

**A.  SUMMARY OF MOTION**

1. It is anticipated that the government intends to offer into evidence Defendant's cell phone, laptop, statements, and the contents of said materials, seized by Special Agent Jeremy Fisher and Task Force Officer Eric Austin on November 1, 2021. Defendant requests that the Court suppress the materials and its contents because they were obtained without a warrant, probable cause, exigent circumstances, or voluntary consent. To allow the introduction of this evidence at trial would violate Defendant's Fourth Amendment constitutional right and should therefore be excluded.

**B.  BACKGROUND**

2. On November 1, 2021, Special Agent Jeremy Fisher ("SA Fisher") and Task Force Officer Eric Austin ("TO Austin") went to Defendant's place of residence to conduct a knock and talk. Dkt. No. 1.

3. The complaint describes Defendant's presence at the residence. *Id.* SA Fisher proceeds to ask Defendant if they can talk due to about the internet usage at the residence and that Defendant appeared to be nervous. *Id.*

4. The complaint further describes that SA Fisher asked Defendant, outside the presence of his father, whether his phone had anything that would get him in trouble. *Id.* To which Defendant admitted he had "CP." *Id.*

5. The request and subsequent seizure was conducted without a warrant, probable cause, exigent circumstances, and consent and therefore violated the Defendant's Fourth Amendment constitutional rights.

### C. ARGUMENT AND AUTHORITIES

6. The search and seizure was obtained without: 1) warrant; 2) probable cause; 3) exigent circumstances; and 4) the exception of search conducted pursuant to consent from the Defendant. *United States v. Karo,* 468 U.S. 705, 717, 104 S.Ct. 3296, 3304, 82 L.Ed.2d 530 (1984); *United States v. Jones,* 239 F.3d 716 (5th Cir. 2001);(*Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973)(citation omitted).

7. It is well established that warrantless searches violate the Fourth Amendment unless they fall within a specific exception to the warrant requirement. *United States v. Karo,* 468 U.S. 705, 717, 104 S.Ct. 3296, 3304, 82 L.Ed.2d 530 (1984). In *United States v. Chavez–Villarreal,* we noted that when we evaluate consent given after a Fourth Amendment violation, "[t]he admissibility of the challenged evidence turns on a two-pronged inquiry: whether the consent was voluntarily given and whether it was an independent act of free will." *United States v. Chavez-Villarreal*, 3 F.3d 124, 127 (5th Cir. 1993). Voluntariness focuses on coercion. *United States v. Portillo-Aguirre*, 311 F.3d 647, 658 (5th Cir. 2002).

8. Six factors bear on the voluntariness of the consent: (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found. Although all six factors are relevant, no single factor is dispositive. *Id*.

9. To determine whether the consent was an independent act of free will and, thus, broke the causal chain between the consent and the illegal detention, we must consider: (1) the temporal proximity of the illegal conduct and the consent; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the initial misconduct. *Id*.

10. There is no dispute that SA Fisher and TO Austin executed their search without a warrant. SA Fisher and TO Austin arrived at Defendant's place of residence, SA Fisher noticed that Defendant appeared nervous and immediately demanded to speak with Defendant regarding issues with the internet. SA Fisher obtained Defendant's phone and his passcode to access the phone and its contents. There are no facts to indicate the Defendant was advised of his right to refuse consent.

11. Further, SA Fisher asked Defendant if he was going to find anything on Defendant's phone that he was not supposed to have, to which Defendant responded "Yes." Dkt. No. 1. It is apparent that the purpose of SA Fisher and TO Austin's knock and talk was to obtain consent to search Defendant's devices because of information received from FBI St. Louis regarding Defendant. *Id*.

12. SA Fisher and TO Austin did not have a warrant at the time the search and seizure was conducted. Defendant's purported consent was not granted voluntarily nor under an

independent act of free will. Without a warrant or voluntary consent, both SA Fisher and TO Austin would need one of the other two avenues to conduct a search and seizure. *See United States v. Karo,* 468 U.S. 705, 717, 104 S.Ct. 3296, 3304, 82 L.Ed.2d 530 (1984); *see also United States v. Portillo-Aguirre*, 311 F.3d 647, 658 (5th Cir. 2002).

13. Evidence seized in violation of the Fourth Amendment, as well as the fruits thereof, is subject to suppression. *See Herring v. United States,* 555 U.S. 135, 139 (2009) (holding that the exclusionary rule forbids use of improperly obtained evidence at trial). The primary purpose of the exclusionary rule "is to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures." *United States v. Calandra*, 414 U.S. 338, 347 (1974). Thus, the fruits of the illegal search and seizure of Defendant's phone, Defendant's laptops, Defendant's statements, and the contents of said materials, should be subject to suppression. *See Herring v. United States,* 555 U.S. 135, 139 (2009) (holding that the exclusionary rule forbids use of improperly obtained evidence at trial).

14. WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this motion be in all things GRANTED.

Date: January 30, 2023

Respectfully submitted,

**Peña Aleczander**
3900 N. 10th Street, Suite 1050
McAllen, Texas 78501
Email: msaldana@penaaleczander.com
Phone: (956) 948-2221
Fax: (888) 422-6821

By: /s/ Michael Saldaña
Michael Saldaña
State Bar No. 24115291
Federal ID No. 3502765
Adrian Lozano
State Bar No. 24121571
Federal ID No.

Robert Casas Steindel
3827 N. 10th Street, Suite 302
McAllen, Texas 78501
(956) 800-1137 Phone
(956) 800-1138 Fax
Rsteindel96@gmail.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

This is to certify that prior to the filing of the foregoing motion that defense counsel conferred with Assistant United States Attorney Michael Mitchell in regard to this motion. The Government indicated that it is opposed.

## CERTIFICATE OF SERVICE

This is to certify that on January 30, 2023, a true and correct copy of this motion was served on all parties of record via ECF.

By: /s/ Michael Saldaña
Michael Saldaña